JOSEPH EUSTER

*v.*

ADOLPH MEWMEYER.

[Submitted October 21st, 1919.    Determined October 24th, 1919.]

1. Where a tenant annexes to an injunctive bill proof that the agreement between himself and his landlord, intended to be accurately reduced to writing in the form of a lease, included the privilege to the tenant to sublet a garage, he is entitled to restrain an action of ejectment for breach of tenant's covenant not to sublet until final hearing of the tenant's suit for reformation of the lease.

2. Where the bill to reform the lease was not filed as promptly as it should have been, but the delay occasioned no loss of evidence, and the reasons assigned have persuasive force, injunctive relief should not be denied on account of laches.

On bill, &c., for injunction.    On hearing on order to show cause for injunction *pendente lite.*

*Mr. Harry C. Kramer* (*Mr. Louis B. LeDuc*), for the complainant.

*Mr. Joseph Beck Tyler,* for the defendant.

LEAMING, V. C.

Complainant is a tenant of defendant under a lease which by its terms entitles complainant to occupy the demised premises until June 20th, 1921, at a specified rental.  The lease contains a covenant that the tenant shall not sublet any part of the demised premises, and also a clause bestowing upon the landlord a right of possession in the event of a breach by the tenant of any covenant contained in the lease.   The tenant, complainant herein, has sublet a part of the premises for use as a garage, and the landlord, defendant herein, has brought an action of eject-

ment against complainant based upon the breach of the covenant referred to.

Complainant's bill seeks a reformation of the lease. The bill is based upon the claim that the agreement actually made was to the effect that complainant should be privileged to sublet the garage, and that in reducing the agreement to the form of a written lease that exception to the covenant against subletting was omitted through mistake. Restraint of the action at law is now sought until a decree of reformation can be procured at final hearing.

It is clear that if the matters set forth in the bill and verified by the appended affidavits are true complainant is entitled to the relief sought. But at the return of an order to show cause affidavits have been filed on behalf of defendant denying that the mistake occurred upon which complainant relies; defendant accordingly invokes the third rule defined in *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299,* in opposition to restraint *pendente lite.*

I am convinced that the trial of the pending action of ejectment should be restrained until a final hearing in this suit can be had. The proofs annexed to complainant's bill, to the effect that the agreement which was actually made, and which was intended to be accurately reduced to writing in the form of a lease, included the privilege of complainant to sublet the garage, are strong and forceful in detail and in corroborating circumstances. The demised property, other than the garage, is occupied by complainant as his residence and as a store in which he conducts his regular business. To refuse the restraint now sought would utterly destroy the subject-matter of the controversy, since no adequate defence can be made to the pending action at law unless and until a decree of reformation may be procured, and should restraint be now refused the resulting injury to complainant will be irreparable in its nature; moreover, the possibility of loss to defendant herein by reason of delay in the trial of the pending action in the law court can be prevented by appropriate terms imposed upon complainant as a condition to the restraint sought.

Defendant also urges that relief should be denied complainant by reason of laches on his part. Complainant's bill was not filed as promptly as it should have been; but the delay has occasioned no loss of evidence and the reasons assigned as the cause of delay are not without persuasive force.

I will advise restraint; but on condition that complainant promptly execute a bond, with sureties approved by a special master, conditioned pursuant to rule 206 of this court, and also pay to defendant the costs of the term at which the ejectment suit was noticed, pursuant to the requirements of rule 205. The bond shall be further conditioned that complainant promptly pay any rent that may be now due and all further rent that may fall due under the terms of the lease until the termination of this suit and the termination of the pending action at law. The order for restraint shall further provide that the acceptance of the order by complainant shall be operative as a waiver of any claim on his part that the acceptance of rent by defendant is in any way operative as a waiver of defendant's claim that the term was ended by the breach of covenant claimed by defendant. Complainant shall also terminate the sublease of the garage at the earliest possible time. The conditions herein imposed on complainant must be complied with before the action at law is reached for trial.